```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                              :
STEVEN MADISON,               :   CIVIL ACTION
                              :
            Petitioner,       :
                              :
       v.                     :   NO. 06-1360
                              :
SUPERINTENDENT PIAZZA, et al.,:
                              :
            Respondents.      :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Steven Madison ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution at Coal Township, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

I.   **PROCEDURAL HISTORY**.[1]

On June 24, 1994, Petitioner was convicted of robbery, criminal conspiracy, carrying a firearm on a public street/place, and two counts of aggravated assault by a jury sitting before the Honorable Charles P. Mirarchi, Jr., in the Court of Common Pleas of Philadelphia County. Petitioner was sentenced on August 24,

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

1994 to an aggregate sentence of 37 ½ to 75 years imprisonment. Petitioner filed a direct appeal on September 23, 1994, and the Superior Court quashed the appeal as untimely on November 15, 1994.[2]  Resp., Ex. B.  Petitioner then filed post trial motions, which were denied by the trial court.  Petitioner filed a second notice of appeal in March, 1995, but the Superior Court dismissed that appeal on February 22, 1996, due to counsel's failure to file a brief.  Resp., Ex. C; Commonwealth v. Madison, 1347 Phila. 1995 (Pa. Super. Feb. 22, 1996).  In July, 2000, Petitioner filed a motion for permission to appeal out-of-time, which the Superior Court denied on August 31, 2000.  Resp., Ex. D; Commonwealth v. Madison, 75 EDM 2000 (Pa. Super. Aug. 31, 2000).

On December 18, 200, Petitioner filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA").  42 Pa. C.S.A. § 9541, et seq.  Counsel was appointed, and filed an amended petition.  The PCRA court determined that the petition was foreclosed by Pennsylvania's one-year PCRA statute of limitations and dismissed the application as time-barred.  Resp., Ex. E; Commonwealth v. Madison, No.

---

[2]Respondents note that the Superior Court's order of dismissal and an amended application for post-conviction relief filed years later by appointed counsel suggest that the notice of appeal erroneously indicated that Petitioner was sentenced one day earlier than had actually been the case, which may have led the Superior Court to conclude that the notice of appeal was filed one day late, rather than filed on the last possible date. Resp., p. 2.

9401-0083, slip. op. (Ct. Com. Pl. Phila. Nov. 15, 2002).  Petitioner filed a pro se appeal, but the Superior Court affirmed the dismissal of the PCRA petition as untimely.  Resp., Ex. F; Commonwealth v. Madison, 3266 EDA 2002 (Pa. Super. Mar. 16, 2004).  Petitioner's pro se petition for review was denied by the Pennsylvania Supreme Court on November 2, 2005.  Commonwealth v. Madison, 887 A.2d 1240 (Pa. 2005)(table).

On March 27, 2006, Petitioner signed the instant Petition, and it was docketed by the Clerk of Courts on March 30, 2006.  On April 27, 2006, the Honorable Bruce W. Kauffman referred the Petition for preparation of a Report and Recommendation.  Petitioner claims: (1) direct appeal counsel was constitutionally ineffective for failing to file a brief (which resulted in the dismissal of his direct appeal); (2) ineffective assistance of subsequent "counsel [who] was retained for the sole purpoes [sic] of applying for petitioner's direct appeal rights to be reinstated," (Br. in Supp. of Pet., p. 6); and (3) ineffective assistance of "appointed counsel to get petitioner's direct appeal rights reinstated."  (Id.)[3]  Respondents contend that the Petition is time-barred, equitable tolling is not

---

[3] Respondents note that Petitioner's requested relief is a release from state custody (or an evidentiary hearing that, on Petitioner's theory, would presumably result in a release from custody), even though the remedy for a direct appeal lost as a result of counsel's deficient performance would not be a release from prison but rather a new direct appeal.  Resp., p. 3 (citing Br. in Supp. of Pet. at 5.)

3

applicable in the instant case, and the Petition must be dismissed with prejudice and without an evidentiary hearing.

## II.     **DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244 to require that:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In this case, Petitioner's convictions

became final on or about March 25, 1996, on the last day he could have sought direct review of the dismissal of his direct appeal. Because the date when Petitioner's sentences became final preceded April 24, 1996, the AEDPA's effective date, the statutory one-year limitations period for habeas applications began on April 24, 1996.  The one-year limitations period pursuant to the AEDPA expired on April 24, 1997.  The petition is therefore time-barred, because Petitioner did not file the instant Petition until March 27, 2006.

       Petitioner argues that the AEDPA statute of limitations should be *equitably* tolled to excuse the untimeliness of the instant Petition.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)).  The United States Court of Appeals for the Third Circuit has held that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Ofc. of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient."  Id. (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d

Cir. 1997) and citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).  The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001)(citing <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

In support of this equitable tolling argument, Petitioner claims that his retained PCRA counsel "effectively abandoned" him for three years by failing "to file said PCRA petition on petitioner's behalf without ever notifying petitioner that said PCRA Petition was never filed" and that he himself "filed a pro se motion to have his first appellate rights reinstated" out of time on September 8, 1999, "immediately after finding out that [PCRA] counsel had also abandoned him."  Br. in Supp. Pet., p. 4.  Petitioner also claims that all other counsel abandoned him or acted ineffectively.

Petitioner is silent about the circumstances surrounding the preparation of the PCRA petition.  Petitioner's direct appeal was dismissed for failure to file a brief in February of 1996.  Petitioner had one year, or until March of

1997 to seek PCRA relief from the dismissal.  It appears from the documentation that Petitioner attached to his supporting brief that counsel was not retained until July of 1997, four months after his deadline for seeking post-conviction relief ended.  Petitioner claims that the attorney that he and his family retained did not file a PCRA petition for three years and did not notify Petitioner that the PCRA petition was not filed.  Respondents note that Exhibit F to Petitioner's supporting brief suggests that counsel's retainer had been exhausted and additional payment was required.  Although Petitioner refers to having made "numerous inquiries to the court on the status of said petition," Br. in Supp. Pet., p. 8, Petitioner does not state when or how he made those inquiries nor does he provide documentation supporting this contention such as copies of letters sent by Petitioner to the court inquiring about the status of the PCRA petition, letters from the court regarding the status of the petition, or letters from counsel confirming that the PCRA petition was filed.  Instead, Petitioner merely argues that three years elapsed before he learned that no PCRA petition was filed on his behalf.

       Petitioner then filed a PCRA petition and was appointed counsel and counsel filed an amended petition on his behalf.  Petitioner claims that appointed counsel abandoned him and did not appear at a court listing on September 20, 2002.  As

Respondents note, the trial court had already informed counsel of its determination to dismiss the petition as time-barred, and Petitioner does not provide an explanation of what, if anything, appointed counsel could have done to change the PCRA court's ruling based on the statute of limitations because equitable tolling is not applicable in that instance.  Commonwealth v. Pursell, 749 A.2d 911, 913-914 (Pa. 2000); Commonwealth v. Yarris, 731 A.2d 581, 587 (Pa. 1999).  Petitioner appealed the dismissal, and the Superior Court affirmed the PCRA court's decision that the petition was time-barred because it was filed out of time, not because of counsel's performance.

State law provides a remedy for ineffective assistance of PCRA counsel as long as the misconduct is brought to the court's attention in another PCRA petition within one year, or by the PCRA filing deadline.  See Commonwealth v. Williams, 828 A.2d 981, 990 (Pa. 2003); Commonwealth v. Morris, 822 A.2d 684, 694 (Pa. 2003)("As we have previously and repeatedly explained, a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.")  It appears that PCRA counsel was not retained until approximately July of 1997, four months after Petitioner's time to seek post-conviction relief expired.  Petitioner did not bring this alleged failure of counsel to file the PCRA petition to the state court's attention with any promptness.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004)(citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief).  It is Petitioner's burden to show that he acted with reasonable diligence and the extraordinary circumstances caused his petition to be untimely.  Id.

Assuming, arguendo, that Petitioner can show that his counsel's conduct amounted to an extraordinary circumstance, one of the requirements for equitable tolling, Petitioner still must establish that he acted with reasonable diligence in pursuing relief.  Petitioner waited sixteen months to retain counsel to file the first PCRA petition challenging his counsel's performance.  In addition, Petitioner claims that three years elapsed before he learned that PCRA counsel had never filed a petition on his behalf.  Despite this dilatory behavior, Petitioner now comes before this Court seeking relief on the basis that his attorney was ineffective.

Under the circumstances of this case, this Court finds

that Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court.  Indeed, Petitioner fails to allege any steps that he took to timely file the instant federal habeas petition.  Thus, Petitioner's equitable tolling argument fails.  Holmes v. Vaughn, No. 01-2565, 2003 WL 23112383, at *6-*7 (E.D. Pa. Nov. 25, 2003).  The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

Therefore, I make the following:

### RECOMMENDATION

AND NOW, this 26th day of June, 2006, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge